IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Edith Crout as PR of the Estate of Chevis Price Crout, ) ) ) Plaintiff, ) ) v. ) ) United Financial Casualty Co. and Pompay Guyton a/k/a Pompey Scott, Jr. d/b/a Guyton Trucking, ) ) ) ) Defendants. ) ) | C.A. No. 1:10-649 **ORDER AND OPINION** |

## BACKGROUND

Plaintiff Edith Crout brought this action for a declaratory judgment in the Court of Common Pleas for Aiken County on February 4, 2010, against Defendants United Financial Casualty Company ("United") and Pompay Guyton a/k/a Pompey Scott ("Scott") seeking to reform an insurance policy. On March 22, 2010, United filed a Notice of Removal based on diversity jurisdiction. This removal is contingent upon the court granting a Motion to Realign and/or Dismiss Parties because the realignment would demonstrate that complete diversity exists in this case despite the citizenship of the parties. Plaintiff and Scott are citizens of the state of South Carolina while United is a corporation organized and existing under the laws of the state of Ohio. The Motion to Realign was unopposed. Scott did not make an appearance in the case.

On June 3, 2010, the parties stipulated to the dismissal of Scott without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Nevertheless, this case is before the court on the Motion to Realign the Parties because the court must rule on this issue in order to ascertain whether it has subject matter jurisdiction.

**FACTS**

Plaintiff alleges that her husband was killed after a logging truck, driven by Scott, struck him. Compl. ¶ 5. At the time of the incident, Scott allegedly had insurance coverage on the logging truck with United in the amount of $100,000. Compl. ¶ 6. Plaintiff seeks a declaration of insurance coverage for the minimum amount of liability insurance required by South Carolina pursuant to 23A S.C. Code Ann. Regs. 38-414. Plaintiff argues that Regulation 38-414 provides that trucks weighing 10,000 or more pounds that carry nonhazardous materials must be insured under an automobile policy carrying at least $750,000 of coverage. Compl. ¶ 10. The truck was a ten-wheeler weighing approximately 15,500 pounds. Compl. ¶ 6. Plaintiff seeks to have the policy reformed to provide the mandated coverage. Compl. at 3.

**DISCUSSION**

The removal statute, 28 U.S.C. § 1441(a), requires that a case "be fit for federal adjudication at the time the removal petition is filed." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 73 (1996). Therefore, in order for removal to be proper, the parties must have been diverse at the time of removal. This requires the court to address United's motion for realignment. *See Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute.").

United contends that it was improperly joined with Scott and seeks realignment of the parties in order to achieve diversity jurisdiction. In *United States Fidelity and Guaranty Co. v. A & S Manufacturing Co.*, the Fourth Circuit adopted the "principal purpose test" for determining whether a realignment of parties is appropriate. 48 F.3d 131, 133 (4th Cir. 1995). The "principal purpose

test" has two steps: "First, the court must determine the primary issue in controversy. Next, the court should align the parties according to their position with respect to the primary issue." Id. at 133.

The primary purpose of this action is to determine whether the insurance policy provided to Scott by United should be reformed to conform to the minimum standards laid out in 23A S.C. Code Ann. Regs. 38-414. Plaintiff takes the position that the insurance policy should be reformed so that a greater amount of money is available to cover her damages. United and Scott, however, appear to have opposing interests with respect to the primary issue. It would be in Scott's best interest to reform the policy so that a greater amount of the damages for which he may be liable are covered. United opposes the reformation of the insurance policy because doing so would increase the amount of money that United may be required to pay out to Plaintiff.

The court agrees that the interests of Scott are more closely aligned with those of Plaintiff. Having carefully reviewed the record and the motion to realign, the court finds that realignment would have been proper. The court grants Defendant's motion to realign the parties. The court finds that the parties were diverse at the time of removal and that it has subject matter jurisdiction in this case.

## CONCLUSION

Defendant's motion to realign the parties (Entry 4) is **granted.** The court has subject matter jurisdiction.

**IT IS SO ORDERED.**

                                      s/ Margaret B. Seymour
                                      The Honorable Margaret B. Seymour
                                      District Court Judge

Columbia, South Carolina
July 28, 2010